**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-7382

ROBERT A. REED,

Petitioner - Appellant,

versus

J. JOSEPH CURRAN, JR.; G. R. HOVEY JOHNSON,
Judge,

Respondents - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Peter J. Messitte, District Judge.  (CA-
03-377-8-PJM)

Submitted:  July 23, 2004          Decided:  August 24, 2004

Before LUTTIG, MOTZ, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Robert A. Reed, Appellant Pro Se.  Ann Norman Bosse, OFFICE OF THE
ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Robert A. Reed seeks to appeal the district court's order dismissing as successive his petition under 28 U.S.C. § 2254 (2000).* An appeal may not be taken from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). When, as here, a district court dismisses a § 2254 petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Reed has not made the requisite showing. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Finally, in accordance with United States v. Winestock, 340 F.3d 200, 208 (4th Cir.), cert. denied, 124 S. Ct. 496 (2003), we construe Reed's notice of appeal and informal brief as a motion for authorization under 28 U.S.C. § 2244 (2000) to file a

---

*By order filed February 3, 2004, this appeal was placed in abeyance for Jones v. Braxton, No. 03-6891. In view of our recent decision in Reid v. Angelone, 369 F.3d 363 (4th Cir. 2004), we no longer find it necessary to hold this case in abeyance for Jones.

- 2 -

successive habeas corpus petition.  To obtain permission to bring a second or successive § 2254 petition, a movant must show that his claim: (1) "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or (2) relies on newly discovered facts that tend to establish the movant's innocence.  28 U.S.C. § 2244.  We conclude that Reed has not satisfied either standard.

Accordingly, we deny Reed's implicit application for leave to file a successive § 2254 petition, deny Reed's motion for emergency relief, deny a certificate of appealability, and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED